SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00414-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RAYMOND ALLEN STAVIG,** | |
| **Defendant.** | |

Raymond Stavig is before the Court for sentencing on Count 1 of the Indictment, which charges Felon in Possession of a Firearm. Defendant, who has a lengthy criminal history and was, at the time of his criminal conduct, on probation in Multnomah County, had multiple firearms, almost all of which were stolen and several of which were semi-automatic. The government asks the Court to impose a low-end of the guidelines sentence and three years of supervised release.

/ / /

/ / /

/ / /

**Factual Background**

**A. The Offensive Conduct**

On July 31, 2024, a Multnomah County Probation Officer conducted a home visit and walkthrough of defendant's residence pursuant to the terms of defendant's Multnomah County probation. The Probation Officer observed a firearm in plain view, partially under a nightstand in defendant's bedroom. The Probation Officer then called Multnomah County Sheriff's Office investigators who arrived, detained defendant, and applied for and were granted a search warrant for defendant's residence and attached garage. Investigators then searched the residence and garage.

The firearm recovered from defendant's bedroom was a Kahr CM45 semi-automatic handgun, serial number CA0123, and was reported stolen. Defendant was questioned after being informed of his Miranda rights, and admitted there were firearms in the garage. In the attached garage, investigators recovered the following firearms: (i) a Ruger .22 caliber rifle, serial number 841-82251; (ii) a Winchester .22 caliber rifle, serial number 573810; (iii) an SCCY CPX-2 9mm semi-automatic handgun, serial number C048872; (iv) a Sig Sauer P365 semi-automatic handgun, serial number 66F587847; and (v) an Iver Johnson .38 caliber revolver, serial number J08886.

**B. The Charges, Plea Agreement, and Guideline Computations**

On November 5, 2024, Defendant was charged in a single count indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). ECF 10. On December 10, 2025, Defendant pleaded guilty to that count, pursuant to a plea agreement. ECF 32.

The parties agreed to a stipulated calculation of guidelines that accounts for multiple firearms and an enhancement for at least one stolen firearm. PSR ¶ 5. Given the defendant's

demonstrated acceptance of responsibility, and pursuant to the plea agreement, the government recommends a three-level reduction under USSG §3E1.1. The resulting total offense level is 15. Probation calculates the same enhancements and total offense level. PSR ¶¶ 26–36. The government recommends a one-level downward variance to recognize the defendant's early acceptance of responsibility. PSR ¶ 7.

Probation calculates the defendant to be a Criminal History Category VI, producing an advisory range of 41 to 51 months. Pursuant to 18 U.S.C. § 3553(a), the government asks the Court to impose the additional requested downward variance, and the low end of the resulting guidelines sentence, to be followed by a three-year term of supervised release.

**Government's Sentencing Recommendation**

Defendant possessed six firearms, five of which were stolen, and two of which were semi-automatic. PSR ¶ 18–19. He has an extensive and concerning criminal history that includes a conviction for this exact offense, as well as burglary and theft. PSR ¶ 40–60. Furthermore, at the time when the defendant's firearms were recovered from his residence, law enforcement agents discovered additional concerning materials: approximately 84 credit cards, checkbooks, and miscellaneous identification cards belonging to other individuals; a composition ledger with financial profiles, names, dates of birth, social security numbers, and credit card numbers for third parties. PSR ¶ 20. The facts and circumstances of the offense, and the history and characteristics of the defendant show repeated, rather than isolated, disregard for the law. They also demonstrate that the defendant poses a danger to the community that must be addressed by an appropriate sentence.

The defendant was released pending the resolution of his case. This period of release was not without incident. Pretrial reports that on May 20, 2026, Defendant was involved in a hit-and-

run style incident that resulted in property damage. PSR. ¶ 65. Defendant's conduct warrants examination and is a factor that can be considered in deciding an appropriate sentence. Probation recommends substance-abuse treatment, testing, and other conditions of supervision. The government agrees with this recommendation.

Considering the totality of the facts and circumstances, the government believes that the sentencing guidelines and stipulated enhancements adequately capture the defendant's criminal conduct and are appropriate as applied to this defendant. The government further acknowledges that the defendant's steps to take responsibility for his conduct upon apprehension reflect favorably on his prospects for rehabilitation and therefore, recommends an additional variance. Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide defendant with needed training or other corrective treatment, the government asks the Court to impose the low-end of the adjusted guidelines, to be followed by a three year term of supervised release.

/ / /

/ / /

/ / /

The government's recommended sentence reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, and serves deterrence and public protection under 18 U.S.C. § 3553(a). The government respectfully asks the Court to impose a low-end sentence, along with no fine, a $100 special assessment, a three-year term of supervision, and the conditions of supervision proposed by Probation.

Dated: October 9, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney